LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:      (310) 201-9150
Facsimile:      (310) 201-9160
E-mail:         info@glancylaw.com

Attorneys for Plaintiffs and
Proposed Lead Counsel

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURRY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HANSEN MEDICAL, INC., FREDERIC H. MOLL and STEVEN M. VAN DICK,<br><br>Defendants. | No. 5:09-cv-05094-JF<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION OF MINA FARR & NADER FARR FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 29, 2010<br>Time: 9:00 a.m.<br>Courtroom 3, 15th Floor<br>Honorable Jeremy Fogel |
| DAVID C. LIVINGSTONE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HANSEN MEDICAL, INC., FREDERIC H. MOLL and STEVEN M. VAN DICK,<br><br>Defendants. | No. 5:09-cv-05212-JW |

*[Captions Continue on Following Page]*

| | |
|---|---|
| KIM M. PRENTER, Individually and On Behalf of All Others Similarly Situated, | No. 3:09-cv-05367-CRB |
| Plaintiff, | |
| v. | |
| HANSEN MEDICAL, INC., FREDERIC H. MOLL and STEVEN M. VAN DICK, | |
| Defendants. | |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on Friday, January 29, 2010, at 9:00 a.m. or as soon thereafter as the matter can be heard in the courtroom of the Honorable Jeremy Fogel, situated at 280 South 1st Street, San Jose, California, lead plaintiff movants Mina Farr & Nader Farr (hereinafter "Movants") will move, and hereby do move, for an order (a) consolidating the related actions, (b) appointing Mina Farr & Nader Farr as lead plaintiff, and (c) approving Movants' selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class.

Movants seek consolidation of the related actions pursuant to Federal Rule of Civil Procedure 42(a), and appointment as lead plaintiff and approval of lead counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Michael Goldberg and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing[1] on this motion.

---

[1] This motion is filed pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the PSLRA. This Section provides that within 60 days after publication of the

1

2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

3

Lead plaintiff Movants Mina Farr & Nader Farr respectfully submit the following

4

memorandum of points and authorities in support of their motion for consolidation of related

5

actions, appointment as lead plaintiff and approval of lead counsel.

6

**I.      FACTUAL BACKGROUND**

7

This is a securities class action on behalf of purchasers of the securities of Hansen

8

Medical, Inc. ("Hansen Medical" or the "Company") between May 1, 2008 and October 18,

9

2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange

10

Act of 1934 (the "Exchange Act").  Named as defendants are Hansen Medical and certain of its

11

executive officers.

12

Hansen Medical develops products and technology using robotics for the accurate

13

positioning, manipulation and control of catheters and catheter-based technologies. The

14

Company's first product, the Sensei® Robotic Catheter system, is a robotic navigation system

15

that enables clinicians to easily and accurately place mapping catheters in hard-to-reach

16

anatomical locations within the heart during complex cardiac arrhythmia procedures.

17

The Complaints on file in this action allege that throughout the Class Period the

18

19

defendants made false and/or misleading statements, as well as failed to disclose material

20

21

required notice, any member of the proposed class may apply to the Court to be appointed as

22

lead plaintiff, whether or not they have previously filed a complaint in the underlying action.
Consequently, counsel for Movants has no way of knowing who, if any, the competing lead

23

plaintiff candidates are at this time.  As a result, counsel for Movants has been unable to
conference with opposing counsel regarding the hearing date for the instant motion, and

24

respectfully requests that the hearing-date conference requirement of the Court's Standing Order

25

Regarding Case Management in Civil Cases be waived for this motion.  Pursuant to
§77u-4(a)(3)(B)(iii)(II), defendants do not have standing to oppose Movants' motion for

26

appointment as lead plaintiff. *See also Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129,

27

1138 (C.D. Cal. 1999).

28

No. 09-cv-05094-JF
NOTICE OF MOTION AND MOTION OF MINA FARR & NADER FARR FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

2

adverse facts about Hansen Medical's business, operations and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company improperly recognized revenue; (2) that, as a result, the Company's revenue and financial results were overstated during the Class Period; (3) that the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles; (4) that the Company lacked adequate internal and financial controls; and (5), that, as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On October 19, 2009, Hansen Medical shocked investors when the Company revealed that the audit committee of Hansen Medical's board of directors, upon the recommendation of management, concluded that the previously issued financial statements contained in the Company's annual report on Form 10-K for the year ended December 31, 2008, and the Company's quarterly reports on Form 10-Q for the quarters ended March 31, 2008, June 30, 2008, September 30, 2008, March 31, 2009 and June 30, 2009, should no longer be relied upon because of errors in those financial statements, arising from "potential irregularities outside of the accounting department."

In addition, Hansen Medical indicated that the related press releases, reports and stockholder communications describing the Company's financial statements for the identified periods and the report of Hansen Medical's independent registered accounting firm, PricewaterhouseCoopers LLP, related to the year ended December 31, 2008, should also no longer be relied upon. According to the Company, Hansen Medical identified systems for which revenue should have been recognized in a later period than the period in which it was recognized and revenue on systems that should have been reflected as deferred revenue on its balance sheet as of June 30, 2009.

On this news, shares of Hansen Medical declined $0.31 per share, more than 9%, to close on October 19, 2009, at $3.12 per share, on unusually heavy trading volume.

## II.   PROCEDURAL HISTORY

Plaintiff Robert Curry commenced the first of the above-captioned related actions on October 23, 2009, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Michael Goldberg In Support of Motion of Mina Farr & Nader Farr for Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration") at Exhibit A.

In addition to the *Curry* action, two actions subsequently were filed in this District naming the same defendants, and alleging the same factual events and the same legal bases for their claims, specifically Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. 10b-5  (collectively, the "Related Actions"). Each of the Related Actions is reflected above in the caption of this document.

Movants bring the instant motion for, *inter alia*, appointment as lead plaintiff pursuant to the *Curry* complaint and notice of pendency, and file this motion prior to expiration of the 60-day period from publication of plaintiff Curry's October 23, 2009 notice.

## III.   ARGUMENT

### A.  The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990).  The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id.*

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues.  Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct.  Each

1   names the Company and certain of its officers and/or directors as defendants.  Because the actions

2   arise from the same facts and circumstances and involve the same subject matter, the same

3   discovery and similar class certification issues will be relevant to all Related Actions.

4   Accordingly, consolidation under Rule 42(a) is appropriate.

5       **B.      Mina Farr & Nader Farr Should Be Appointed Lead Plaintiff**

6           Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in

7   class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion

8   to serve as lead plaintiff filed by class members in response to a published notice of class action

9   by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable

10  after the Court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The

11  PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead

12  plaintiff is the person or group of persons that:

13          (aa)  has either filed the complaint or made a motion in response to a notice. . . ;

14          (bb)  in the determination of the Court, has the largest financial interest in the
             relief sought by the class; and

15          (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
             Procedure.

16  15 U.S.C. §78u-4(a)(3)(B)(iii).

17          As set forth below, Movants Mina Farr & Nader Farr satisfy all three of these criteria and

18  thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

19      **1.      Movants Are Making A Motion In Response To A Notice**

20          Plaintiff Robert Curry commenced the instant action on October 23, 2009, and on that

21  day, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff published a notice of

22  pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented

23  wire service – announcing that a securities class action had been filed against defendants herein,

24  and advising purchasers of Hansen Medical securities that they had until December 22, 2009, to

file a motion to be appointed as lead plaintiff.  Movants file the instant motion pursuant to the *Curry* complaint and published notice, and submit herewith their sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Goldberg Declaration, Exhibit B.  Movants therefore satisfy the requirement of either filing a complaint or making a motion in response to a published notice.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

### 2.    Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii).

During the Class Period, Mina Farr & Nader Farr purchased 15,000 shares of Hansen Medical at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as result, Movants have suffered collective losses of $83,650.  *See* Goldberg Declaration, Exhibit C.

To the best of their knowledge, Movants believe that they have the largest known financial interest in this case of any Class member who timely filed an application for appointment as lead plaintiff, and thus satisfy the largest financial interest requirement to be appointed as lead plaintiff for the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

### 3.    Movants Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there

are questions of law or fact common to the class, (3) the claims or defenses of the
representative parties are typical of the claims or defenses of the class, and (4) the
representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *City of Harper Woods Employees Retirement System v. AXT, Inc*., 2005 WL 318813, *3 (N.D. Cal. Feb. 7, 2005)("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23").

### a.    Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir.1992).

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Hansen Medical's business, operations and financial prospects. Movants, like all of the members of the Class, purchased Hansen Medical shares during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Thus, Movants' claims are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

### b.    Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established

1   that a representative party "will fairly and adequately protect the interest of the class."

2   Accordingly:

3           The Ninth Circuit has held that representation is "adequate" when counsel for the
            class is qualified and competent, the representative's interests are not antagonistic
4           to the interests of absent class members, and it is unlikely that the action is
            collusive.
5

6   *Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp. 2d 1129, 1133 (C.D. Cal. 1999) (*citing In re*

7   *Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

8   The class representative must also have "sufficient interest in the outcome of the case to ensure

9   vigorous advocacy." *Takeda*, 67 F. Supp. 2d at 1137 (citation omitted).

10          Mina Farr & Nader Farr have demonstrated their adequacy as lead plaintiff by evincing a

11  strong desire to prosecute this action on behalf of the Class, and have shown that they are willing

12  and able to take an active role in and control the litigation.  Movants have communicated with

13  experienced counsel concerning this case and have made this motion to be appointed lead

14  plaintiff.   Movants are not aware of any antagonism between their interests and those of other

15  Class members. Moreover, Movants have sustained substantial financial losses – in excess of

16  $83,000 – from their investments in Hansen Medical securities and are, therefore, extremely

17  motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C.

18          **4.      Movants Are Presumptively The Most Adequate Lead Plaintiff**

19          The presumption in favor of appointing Movants as lead plaintiff may be rebutted only

20  upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate

21  plaintiff:

22          (aa) will not fairly and adequately protect the interest of the class; or

23
            (bb) is subject to unique defenses that render such plaintiff incapable of
24               adequately representing the class.

25  15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

26          The presumption that Mina Farr & Nader Farr are the most adequate lead plaintiff is not,

No. 09-cv-05094-JF
NOTICE OF MOTION AND MOTION OF MINA FARR & NADER FARR FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

8

therefore, subject to rebuttal.  Movants believe that they have the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff. Movants' ability to fairly and adequately represent the Class is discussed above.  Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class.  In addition, Movants have selected and retained competent and experienced counsel to represent them and the Class. *See Richardson v. TVIA, Inc.* 2007 WL 1129344, *4-*5 (N.D.Cal. April 16, 2007)("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation").  Accordingly, Mina Farr & Nader Farr should be appointed lead plaintiff for the Class.

       **B.**     **The Court Should Approve Movants' Choice of Lead Counsel**

       The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* §21D(a)(3)(B)(v) of the Exchange Act.  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. *See Cavanaugh,* 306 F.3d at 733.  In the present case, Movants have retained Glancy Binkow & Goldberg LLP to pursue this litigation on their behalf, and will retain this firm as plaintiff's lead counsel, in the event Movants are appointed lead plaintiff.  Glancy Binkow & Goldberg LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé, attached to the Goldberg Declaration as Exhibit D.  Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

**IV.**    **CONCLUSION**

       For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order (a) consolidating the related actions, (b) appointing Mina Farr & Nader Farr as

No. 09-cv-05094-JF
NOTICE OF MOTION AND MOTION OF MINA FARR & NADER FARR FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

9

1  lead plaintiff, and (c) approving their selection of Glancy Binkow & Goldberg LLP as lead

2  counsel, and granting such other relief as the Court may deem just and proper.

3

4  Dated: December 22, 2009      Respectfully submitted,

5                   **GLANCY BINKOW & GOLDBERG LLP**

6                   By:  ___/s/ ***Michael Goldberg***_____

7                       Lionel Z. Glancy

                     Michael Goldberg

8                   1801 Avenue of the Stars, Suite 311

                 Los Angeles, California 90067

9                   Telephone: (310) 201-9150

                 Facsimile:  (310) 201-9160

10                   ***Attorneys for Movants and***

11                   ***Proposed Lead Counsel***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. 09-cv-05094-JF

NOTICE OF MOTION AND MOTION OF MINA FARR & NADER FARR FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

10

1
2

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

3

I, the undersigned, say:

4
5

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

6

On December 22, 2009, I caused to be served the following documents:

7
8
9
10

1.    **NOTICE OF MOTION AND MOTION OF MINA FARR & NADER FARR FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

11
12

2.    **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF MINA FARR & NADER FARR FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

13
14

3.    **[PROPOSED] ORDER GRANTING MOTION OF MINA FARR & NADER FARR FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

15
16
17

By posting this document to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the following parties:

18

**SEE ATTACHED SERVICE LIST**

19
20

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 22, 2009, at Los Angeles, California.

21
22

_s/Michael Goldberg_
Michael Goldberg

23
24
25
26
27
28

*Curry v. Hansen Medical, Inc., et al.*, No. 5:09-cv-05094-JF

**SERVICE LIST**

**Electronically To All ECF-Registered Entities**

Christopher Paul Seefer
Shawn A. Williams
Coughlin Stoia Geller Rudman & Robbins
LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
Tel: 415-288-4545

Catherine J. Kowalewski
Coughlin Stoia Geller Rudman & Robbins
LLP
655 W Broadway #1900
San Diego, CA 92101
Tel: (619) 231-1058

Brian P. Murray
Murray, Frank & Sailer LLP
275 Madison Avenue, 8th Floor
New York, NY 10016
Tel: 212-682-1818

Ira M. Press
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: 212-371-6600

Marc I. Gross
Jeremy A. Lieberman
Tamar A. Weinrib
Pomerantz Haudek Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017
Tel: 212-661-1100

Patrick V. Dahlstrom
Pomerantz Haudek Grossman & Gross LLP
Ten South LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: 312-377-1181

**By US Mail To All Known Non-ECF-Registered Entities**

Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Tel: 215-638-4847

General Counsel
Hansen Medical, Inc.
800 East Middlefield Road
Mountain View, CA 94043
Tel: 650-404-5800

Frederic H. Moll
c/o Hansen Medical, Inc.
800 East Middlefield Road
Mountain View, CA 94043
Tel: 650-404-5800

Steven M. Van Dick
c/o Hansen Medical, Inc.
800 East Middlefield Road
Mountain View, CA 94043
Tel: 650-404-5800