# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT CURRY, and others,<br><br>Plaintiffs,<br><br>v.<br><br>HANSEN MEDICAL, INC., and others,<br><br>Defendants. | Case No. 09-cv-05094 CW (NC)<br><br>**ORDER GRANTING MOTION TO COMPEL RESPONSE TO INTERROGATORY**<br><br>Re: Dkt. No. 119 |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SELLS, and others,<br><br>Defendants. | Case No. 11-cv-04941 CW (NC) |

Defendant Sells moves to compel plaintiffs Curry and others to respond to Sells' Interrogatory 1, which requests that plaintiffs disclose the names of three confidential witnesses relied upon in plaintiffs' third consolidated amended complaint. The parties submitted a joint letter brief, and the Court held a hearing on November 14, 2012. The issues are (1) whether the identity of the confidential witnesses is attorney work product, and (2) whether the identities of the witnesses should remain confidential to protect them from retaliation and harassment. Because the Court finds that the identities of the confidential witnesses are not attorney work product, and no evidence suggests that retaliation or harassment is likely and cannot be addressed by the protective order in place and the Local Rules, the Court GRANTS Sells' motion to compel disclosure.
Case No. 09-cv-05094 NC
ORDER GRANTING MOTION TO
COMPEL

## I. Disclosing the Identity of the Confidential Witnesses Does Not Reveal Attorney Work Product.

Some courts to address the issue of whether the identities of confidential witnesses reveal attorney work product have found that they do; others have found they do not. For example, in *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, No. 01-cv-20418 JW, 2005 WL 1459555, at *4 (N.D. Cal. June 21, 2005), the court found that the disclosure of the witnesses' identities "would allow Defendants to infer the importance of these witnesses, revealing Plaintiffs' legal theories and conclusion," and thus found the work product privileged applied. Conversely, in *In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 427-28 (N.D. Cal. 2007), the court found that where the identities of confidential witnesses will be disclosed eventually, and the only issue is when, no legal theory could be revealed by their disclosure in response to defendant's interrogatory.

Here, plaintiffs have identified already the three confidential witnesses by title, listed the dates that they held those positions at Hansen Medical, indicated their general duties, and stated if they had any interaction with Sells. Plaintiffs have provided defendants with the names of all of their witnesses, including these three confidential witnesses, in their initial disclosures. Furthermore, plaintiffs state that they will disclose the names of these witnesses on the date for pretrial disclosures. The only effect of withholding the identities of the three confidential witnesses plaintiffs rely upon in their complaint is to force Sells to depose each of the 147 witnesses in plaintiffs' initial disclosures in order to identify the three confidential witnesses. The Court finds the reasoning in *Harmonic* persuasive and determines that disclosing the identities of these confidential witnesses will not reveal attorney work product. To require Sells to depose 147 witnesses to identify three would undermine the purpose of the Federal Rules of Civil Procedure to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## II. The Existing Protective Order and Local Rules Can Adequately Protect These Witnesses from Retaliation and Harassment.

Plaintiffs assert that the confidential witnesses will suffer retaliation and harassment if their identities and contact information are disclosed. Plaintiffs offer no evidence, other

than the fact that the medical equipment sales industry is small, that supports this contention. Plaintiffs bear the burden of clarifying, explaining, or supporting their objections. *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

By working with plaintiffs and giving testimony used in the complaint, the confidential witnesses have already involved themselves in the dispute and accepted the risk that some people may not like what they have to say. Revealing their identities to defendants now, as opposed to later, will not minimize the unwanted effect, if any, of the witnesses' involvement. Furthermore, there is an existing protective order in this case, Dkt. No. 109, which can be used to protect the witnesses from public exposure. And, the Federal Rules provide mechanisms to prevent and sanction witness harassment, and the Court can provide a remedy to retaliatory or harassing behavior, if any occurs.

Plaintiffs suggest that the Court should preemptively require Sells to go through plaintiffs' counsel in order to schedule any depositions or meetings with these witnesses. The Court rejects this proposition for two reasons: first, because it leaves open the possibility that plaintiffs' counsel could impede Sells' access to these witnesses, and second, because the local rules already provide that Sells must give notice to plaintiffs' counsel of all depositions. If the parties wish to confer further with each other, and with Hansen Medical, about whether the protective order should be amended in other ways, the Court will entertain those suggestions.

### III. CONCLUSION

Plaintiffs must disclose the identity of their three confidential witnesses cited in the third consolidated amended complaint by November 29, 2012. Any party may object to this order by November 29, 2012 under Rule 72(a).

IT IS SO ORDERED.

Date: November 15, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge