UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ROBERT CURRY, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>      v.<br><br>HANSEN MEDICAL, INC., FREDERIC H. MOLL, STEVEN M. VAN DICK, GARY C. RESTANI, and CHRISTOPHER SELLS<br><br>                Defendants.<br><br>_____<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Lead Case No. 4:09-cv-05094-CW<br><br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT** |

WHEREAS, a class action is pending before the Court entitled *Curry v. Hansen Medical, Inc.*, No. 4:09-cv-05094-CW, United States District Court for the Northern District of California (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated May 9, 2013 (the "Stipulation"),[1] which has been entered into by the Plaintiffs and the Settling Defendants, and the Court has reviewed the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation of Settlement which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation of Settlement and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      The Court finds that: (a) the Stipulation resulted from arm's-length negotiations; and (b) the Settlement is sufficiently fair, reasonable and adequate as to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

3.      The Settlement Hearing shall be held before this Court on November 21, 2013, at 2:00 p.m. (approximately 100 days from the Notice Date as defined in ¶ 8(a)), to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, and the terms used herein shall have the same meaning as in the Stipulation.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT
Lead Case No. 4:09-cv-05094-CW                                                                        1

1   the Stipulation is fair, reasonable and adequate to the Class and should be approved by the

2   Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the

3   proposed Plan of Allocation should be approved; whether to approve the Plaintiffs' application

4   for their reasonable costs and expenses (including lost wages) directly relating to their

5   representation of the Class; and to determine the amount of fees and expenses that should be

6   awarded to counsel for Plaintiffs.  The Court may adjourn the Settlement Hearing without

7

8   further notice to Members of the Class.

9           4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

10  preliminarily certifies, solely for the purposes of effectuating this Settlement, a Settlement Class

11  consisting of all persons or entities who purchased or otherwise acquired the publicly traded

12  common stock of Hansen between February 19, 2008 and October 18, 2009, inclusive, and were

13  allegedly damaged thereby.  Excluded from the Class shall be the Settling Defendants and their

14  corporate affiliates, members of their immediate families, and their heirs, successors and

15  assigns, and any officers or directors of Hansen.  There has been no prior notice to Class

16  Members of the certification of the Class in this Litigation or prior opportunity for any Person

17  or entity to request to be excluded from the Class.

18

19          5.      In preliminarily certifying this Settlement Class, the Court finds that the

20  Settlement Class appears to satisfy the requirements of Rules 23(a) and (b)(3) of the Federal

21  Rules of Civil Procedure in that: (a) the number of Class Members is so numerous that joinder

22  of all members thereof is impracticable; (b) there are questions of law and fact common to the

23  Class; (c) the claims of the Court appointed Class Representatives, Mina Farr and Nader Farr,

24  are typical of the claims of the Class they represent; (d) the Class Representatives have and will

25  continue to fairly and adequately represent the interests of the Class; (e) the questions of law

26  and fact common to the members of the Class predominate over any questions affecting only

27

28  [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT
Lead Case No. 4:09-cv-05094-CW                                                          2

1    individual members of the Class; and (f) a class action is superior to other available methods for

2    the fair and efficient adjudication of the controversy.

3        6.      The Court approves, as to form and content, the Notice of Proposed Settlement

4    of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the

5    Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice ("Summary

6    Notice") annexed as Exhibits A-1, A-2 and A-3 to the Stipulation, and finds that the mailing and

7    distribution of the Notice and publishing of the Summary Notice substantially in the manner and

8    form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23 and

9    Due Process, and is the best notice practicable under the circumstances and shall constitute due

10   and sufficient notice to all Persons entitled thereto.

11       7.      Pending final determination by the Court as to whether the Settlement, as set

12   forth in the Stipulation, is fair, reasonable and adequate and should be finally approved and

13   whether the Judgment dismissing the Litigation with prejudice should be approved, no Class

14   Member, either directly, representatively or in any other capacity, shall assert, commence or

15   prosecute against any of the Settling Defendants or the Released Persons, any of the Released

16   Claims in this Litigation, or in any other proceeding or forum.  This injunction is necessary to

17   protect and effectuate the settlement, this Order, and the Court's flexibility and authority to

18   effectuate the settlement and to enter judgment when appropriate, and is ordered in aid of the

19   Court's jurisdiction and to protect its judgments.

20       8.      The Court appoints Garden City Group ("Claims Administrator") to supervise

21   and administer the notice procedure as well as the processing of claims as more fully set forth

22   below:

23           (a)      Not later than August 5, 2013 (the "Notice Date"), the Claims

24   Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT
Lead Case No. 4:09-cv-05094-CW                                              3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

the forms annexed as Exhibits A-1 and A-2 to the Stipulation of Settlement, to be mailed by first class mail to all Class Members who can be identified with reasonable effort; the Notice shall notify potential Class Members that the date of the Settlement Hearing is subject to change and that any changes shall be posted on the settlement website;

(b)    Not later than August 5, 2013, the Claims Administrator shall cause the Stipulation and its Exhibits and a copy of the Notice to be posted on the following website: www.gcginc.com;

(c)    Not later than August 20, 2013, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily*, and on a different day shall cause the Summary Notice to be published once in *Globe Newswire*; and

(d)    Not later than October 11, 2013, Lead Counsel shall cause to be served on the Settling Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing and posting.  Hansen shall, at its own cost, provide transfer records to the Claims Administrator in an electronic format acceptable to the Claims Administrator.

9.    Nominees who purchased or acquired Hansen common stock between February 19, 2008 and October 18, 2009, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such Hansen common stock within twenty (20) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within twenty (20) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing the Notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT
Lead Case No. 4:09-cv-05094-CW                                                                  4

been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10.     Any Person falling within the definition of the Class may, upon request, be excluded from the Class.  Unless otherwise ordered by the Court, for the request to be valid, any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than October 25, 2013, which must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases and sales of Hansen common stock made during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in this Litigation.

11.     All Members of the Class (other than those Persons or entities who shall timely and validly request exclusion from the Class) shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

12.     Class Members (other than those Persons or entities who shall timely and validly request exclusion from the Class) who wish to collect in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than October 25, 2013.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net

1    Settlement Fund, unless otherwise ordered by the Court.

2         13.    Any Member of the Class may enter an appearance in the Litigation, at his, her

3    or its own expense, individually or through counsel of his, her or its own choice.  If they do not

4    enter an appearance, Lead Counsel will represent them.

5         14.    Any Member of the Class (other than those Persons or entities who timely and

6    validly request exclusion from the Class) may appear and show cause, if he, she or it has any

7    reason, why the proposed settlement of the Litigation should or should not be approved as fair,

8    reasonable and adequate, why a Judgment should or should not be entered thereon, why the Plan

9    of Allocation should or should not be approved, or why attorneys' fees and expenses should or

10   should not be awarded to Settling Class Action Plaintiffs' Counsel or Plaintiffs; provided,

11   however, that no Class Member or any other Person shall be heard or entitled to contest the

12   approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment

13   to be entered thereon approving the same, or the order approving the Plan of Allocation, or the

14   attorneys' fees and expenses to be awarded to Settling Class Action Plaintiffs' Counsel or

15   Plaintiffs, unless that Person has filed said objections, papers and briefs with the Clerk of the

16   United States District Court for the Northern District of California, no later than October 25,

17   2013, and delivered copies of any such papers to counsel identified in the Notice, such that they

18   are received on or before such date.  Any Member of the Class who does not make his, her or its

19   objection in the manner provided shall be deemed to have waived such objection and shall

20   forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

21        15.    All funds held by the Escrow Agent shall be deemed and considered to be in

22   *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

23   time as such funds shall be distributed pursuant to the Stipulation or further order(s) of the

24   Court.

1    16.    All papers in support of the settlement, the Plan of Allocation, Plaintiffs'

2  application for reimbursement of expenses, and the application for attorneys' fees or expenses,

3  shall be filed and served not later than October 4, 2013.    This includes the parties'

4  "Supplemental Agreement" and any other terms of the settlement that were not disclosed in the

5  Stipulation of Settlement submitted to the Court with the motion for preliminary settlement

6  approval.   Any papers in further support of the Settlement, the Plan of Allocation and the

7  application for attorneys' fees or expenses, including a lodestar figure and billing statements,

8  shall be filed and served no later than October 31, 2013.   By this date, Plaintiffs' counsel must

9  identify a specific nonprofit organization to receive any funds remaining in the settlement fund

10  after all class members have received payment.   The organization's mission must relate to the

11  subject matter of this lawsuit.   If Plaintiffs' counsel cannot identify such an organization, it may

12  provide instead that the remaining funds escheat to the United States.

13  14

15    17.    The Settling Defendants shall not have any responsibility for or liability with

16  respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by

17  Lead Counsel, and such matters will be considered separately from the fairness, reasonableness

18  and adequacy of the Settlement.

19    18.    At or after the Settlement Hearing, the Court shall determine whether the Plan of

20  Allocation proposed by Plaintiffs and any application for attorneys' fees or expenses shall be

21  22  approved.

23    19.    All reasonable expenses incurred in identifying and notifying Class Members, as

24  well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.   In the

25  event the Settlement is not approved by the Court, or otherwise fails to become effective,

26  neither the Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually

27

28

1    and properly disbursed from the Settlement Fund.

2         20.     Neither the Stipulation, nor any of its terms or provisions, nor any of the

3    negotiations or proceedings connected with it, shall be construed as an admission or concession

4    by the Settling Defendants of the truth of any of the allegations in the Litigation, or of any

5    liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be

6    evidence of or an admission or concession that Plaintiffs or any Class Members have suffered

7    any damages, harm, or loss.

8         21.     In the event that the Settlement does not become effective in accordance with the

9    terms of the Stipulation of Settlement or the Effective Date does not occur, or in the event that

10   the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this

11   Order shall be rendered null and void to the extent provided by and in accordance with the

12   Stipulation and shall be vacated and, in such event, all orders entered and Releases delivered in

13   connection herewith shall be null and void to the extent provided by and in accordance with the

14   Stipulation of Settlement.

15        22.     Pending the Settlement Hearing, the Court stays all proceedings in the Litigation,

16   other than proceedings necessary to carry out or enforce the terms and conditions of the

17   Stipulation.

18        23.     The Court reserves the right to adjourn the date of the Settlement Hearing

19   without further notice to the Members of the Class, and retains jurisdiction to consider all

20   further applications arising out of or connected with the Settlement.  The Court may approve the

21   Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

22   without further notice to the Class.

DATED: ___7/25/2013___

                                        _____
                                        Hon. Claudia Wilken
                                        United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT
Lead Case No. 4:09-cv-05094-CW                                                    8