UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ROBERT CURRY, Individually and on Behalf of All Others Similarly Situated, | Lead Case No. 4:09-cv-05094-CW |
| Plaintiff, | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| v. | |
| HANSEN MEDICAL, INC., FREDERIC H. MOLL, STEVEN M. VAN DICK, GARY C. RESTANI, and CHRISTOPHER SELLS | |
| Defendants. | |
| _____ | |
| This Document Relates To: | |
| ALL ACTIONS. | |

This matter came before the Court for hearing pursuant to an Order of this Court, dated July 25, 2013 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of May 9, 2013 (the "Stipulation").  Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the Stipulation and the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class who did not timely file a request for exclusion from the Class by the October 25, 2013 deadline pursuant to the Preliminary Approval Order.

3.      The Court certifies this Litigation as a class action for the purposes of settlement and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representatives, Mina Farr and Nader Farr, are typical of the claims of the Class they represent; (d) the Class Representatives have and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation for settlement as a class action on behalf of all persons or entities who purchased or otherwise acquired the publicly traded common stock of Hansen between

February 19, 2008 and October 18, 2009, inclusive, and were allegedly damaged thereby. Excluded from the Class shall be the Settling Defendants and their corporate affiliates, members of their immediate families, and their heirs, successors and assigns, and any officers or directors of Hansen.  Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Exhibit 1 hereto.

5.      The distribution of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort.   Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the requirements of Due Process, and any other applicable law.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Plaintiffs, the Class and each of the Class Members.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members and the Settling Defendants.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

7.      To the broadest scope permitted under law, any and all claims for contribution, equitable indemnification, or subrogation, including but not limited to the contribution bar as set

forth in 15 U.S.C. § 78u4(f)(7)(A), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.  For purposes of clarity, this provision shall not apply to those exclusions set forth in ¶ 9 below.

8.     Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who timely requested exclusion from the Class before the October 25, 2013 deadline, the Litigation and all claims contained therein, including all of the Released Claims, both known and unknown, are dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.     Any and all claims, either known or unknown, that each of the Settling Class Action Defendants may have against each other based on the facts alleged, or which could have been alleged in the Class Action, or which arise from or relate to the matters and occurrences alleged in the Class Action and the commencement and prosecution of that litigation (including but not limited to any claims by Hansen against PwC for negligence, malpractice or breach of contract, and any claims by PwC against Hansen or any Individual Defendant for misrepresentation or other claims related to the conduct alleged in the Complaints) are hereby released and/or dismissed with prejudice.  This dismissal and/or release, however, shall not include: (i) the right of Sells to obtain testimony and documents pursuant to applicable procedural rules from any Settling Class Action Defendant in any action against Sells, including but not limited to *Securities Exchange Commission v. Sells*, Case No. 4:11-cv-4941-CW (N.D. Cal.); (ii) any rights of Sells to advancement of legal fees and costs and indemnification from Hansen; and (iii) any rights by Hansen to recovery of legal fees and costs previously advanced to Sells, subject to the terms set forth in the Stipulation.

10.     Upon the Effective Date, the Plaintiffs and each of the Class Members (other than those Persons or entities listed on Exhibit 1 who have timely and validly requested exclusion from the Class), for themselves and for each of their respective officers, directors,

shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiffs or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including known claims and Unknown Claims) against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant thereto.

11.     Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation.

12.     Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

13.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.   The Released Persons may file the

Stipulation and/or the Judgment in any other litigation that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement as set forth in the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.  With respect to any future hearing or determination of any investment or distribution of the Settlement Fund to Class Members, the Plan of Allocation, the determination, administration or calculation of claims by claimants and attorneys' fees of Plaintiff's counsel, or the payment or withholding of Taxes of the Settlement Fund, Settling Defendants have no responsibility for, interest in, or liability in connection with such matters and do not have to appear or participate in any hearing for or determination of such separate matters.

15.     The Court finds that during the course of the Litigation and after review of the record of this case, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

17.     The Court hereby **GRANTS** Lead Counsel's attorneys' fees of _____% of the Settlement Fund, comprised of $_____ in cash and _____ in stock, and expenses in an amount of $_____ together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated by Lead Counsel among Plaintiffs' counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

18.     The Court hereby **GRANTS** Lead Plaintiff Mina Farr and Nader Farr their reasonable costs and expenses (including lost wages) directly related to their representation of the Class in the amount of $_____ and $_____, respectfully.

19.     The awarded attorneys' fees and expenses and Lead Plaintiffs' costs and expenses, and interest earned thereon, shall be paid to Lead Counsel and Lead Plaintiffs from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶ 6.2 thereof, which terms, conditions, and obligations are incorporated herein.


DATED: _____          _____

                                    The Honorable Claudia Wilken
                                    Chief United States District Judge

1

2

**EXHIBIT 1**

3

**List of Persons and Entities Excluded from the Class in**

4

*Curry v. Hansen Medical, Inc.*,
No. 4:09-cv-05094-CW

5

6

   The following persons and entities, and only the following persons and entities, properly
excluded themselves from the Class by the October 25, 2013 deadline pursuant to the Court's
Order dated July 25, 2013:

7

8

9

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28