LIONEL Z. GLANCY (#134180)
PETER A. BINKOW (#173848)
EX KANO S. SAMS, II (#192936)
JOSHUA L. CROWELL (#295411)
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:    (310) 201-9160
Email:          info@glancylaw.com

*Lead Counsel for Plaintiffs*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ROBERT CURRY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HANSEN MEDICAL, INC., FREDERIC H. MOLL, STEVEN M. VAN DICK, GARY C. RESTANI, and CHRISTOPHER SELLS,<br><br>Defendants. | Case No. 4:09-cv-05094-CW<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER AUTHORIZING THE DISTRIBUTION OF THE NET SETTLEMENT FUND** |

WHEREAS:

1. In the above-captioned litigation, the Claims Administrator has completed the administration of the Settlement Fund, including processing all submitted Proofs of Claim, and is now prepared, with the approval of the Court, to distribute the proceeds of the Settlement;

2. On December 5, 2013, the Court entered a Final Order (Dkt. No. 175), which, *inter alia*, approved the Plan of Allocation of Settlement proceeds and retained jurisdiction over the litigation for all matters relating to the consummation of the Settlement;

3. As set forth in the Order Preliminarily Approving Settlement and Providing for Notice of Proposed Settlement (Dkt. No. 162) and the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (Dkt No. 158-1) disseminated to potential Class Members, the deadline for Class Members to submit claims to participate in a distribution from the Net Settlement Fund was October 25, 2013;

4. As reflected in the Declaration of Jennifer M. Keough in Support of Lead Plaintiff's Motion for Distribution of Class Settlement Fund ("Keough Declaration"), the Claims Administrator has completed the process of reviewing all submitted claims and has made a recommendation as to the eligibility of each submitted claim;

5. Lead Plaintiffs and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

6. After reviewing the Motion for an Order Authorizing Distribution of the Net Settlement Fund, the Keough Declaration, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. All timely filed claims that the Claims Administrator has determined to be eligible, listed in Exhibit B-1 of the Keough Declaration, are approved for payment from the Net Settlement Fund;

2. All late claims submitted after the October 25, 2013, deadline for filing claims and before April 22, 2014, but otherwise determined to be eligible by the Claims Administrator, listed in Exhibit B-2 of the Keough Declaration, are also approved for payment from the Net Settlement Fund;

3. All claims that the Claims Administrator has determined to be ineligible or unacceptable, listed in Exhibit B-3 of the Keough Declaration, are disallowed and shall not be paid;

4. No claim received on or after April 22, 2014, may be accepted for any reason whatsoever, and no further adjustments to claims may be made for any reason after April 22, 2014;

5. The amount of $84,772.62 shall be reserved from the Settlement Fund to pay the Claim Administrator's anticipated future fees and expenses through the end of the initial distribution, as reflected in Exhibit C of the Keough Declaration;

6. The entire balance of the Net Settlement Fund, after deducting the payments previously allowed and requested herein, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees, shall be distributed to the Authorized Claimants listed in Exhibits B-1 and B-2 of the Keough Declaration based on each Authorized Claimant's Recognized Loss in comparison to the total Recognized Losses of all Authorized Claimants;

7. All distribution checks issued to Authorized Claimants shall bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE";

8. If economically feasible, any funds remaining in the Net Settlement Fund after the initial distribution shall be allocated in a second distribution, first to pay any remaining costs of claims administration and then to pay Authorized Claimants who have cashed their payments from the initial distribution; but if a second distribution is not economically feasible, the balance of the Net Settlement Fund shall escheat to the United States Treasury;

9. Any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants are barred, and all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund, are released from any claims arising out of their involvement; and

10. The Claims Administrator shall destroy claim forms and records in paper form one year after the final distribution and destroy claim forms and records in electronic form three years after the final distribution.

1    SO ORDERED.

2

3  DATED:  __8/19/2014__

4

5                                          _____
                                            Hon. Claudia Wilken
6                                           Chief United States District Judge